IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY LEE CARTER, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2248 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Johnny Lee Carter, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his state felony convictions for two counts of aggravated assault. Respondent filed a motion for summary judgment (Docket Entry No. 17), to which petitioner responded (Docket Entry No. 18).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case for the reasons that follow.

*Procedural Background*

Petitioner pleaded not guilty to two counts of aggravated assault under cause numbers 1011360 and 1030677 in the 228th Judicial District of Harris County, Texas. On July 13, 2005, a jury convicted petitioner of the charges and assessed punishment at forty years incarceration. On July 27, 2006, the conviction was affirmed on appeal. *Carter v. State*, No.

14-05-00704-CR and No. 14-06-00709-CR (Tex. App. – Houston [14th Dist.] 2006, pet. ref'd.). The Texas Court of Criminal Appeals refused discretionary review and denied petitioner's applications for state habeas relief, without a written order. *Ex parte Carter*, No. 69,429-02 and No. 69,429-03, at covers.

Petitioner raises the following grounds for federal habeas relief:

    (1)    ineffective assistance of trial counsel in

        (a)    failing to investigate properly petitioner's case;

        (b)    failing to file motions for discovery;

        (c)    failing to present involuntary intoxication as a sole defense;

    (2)    denial of a fair and impartial trial by denying petitioner's request for a new attorney; and

    (3)    insufficiency of the evidence.

Respondent argues that these grounds fail as a matter of law. Respondent further argues that ground 1(b) is procedurally defaulted and barred from review.

*The Applicable Legal Standard*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication of the claim was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly

established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *Miller-El*, 537 U.S. at 330-31; 28 U.S.C. § 2254(e)(1).

*Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466, U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish constitutionally deficient performance by counsel, as well as actual prejudice as a result of the deficient performance. *Id*. at 687. The failure to demonstrate either constitutionally deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is constitutionally deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside

the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691. Actual prejudice must be shown.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id*. at 694. A determination of prejudice focuses on whether counsel's constitutionally deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness did not result if the ineffectiveness did not deprive the petitioner of any substantive or procedural right which he is entitled. *Id*.

Petitioner poses the following three claims of ineffective assistance of trial counsel.

A.   *Failure to Investigate Petitioner's Case*

Petitioner alleges that trial counsel failed to investigate properly mitigating evidence that petitioner alleges "could have had a probable good benefit in the proceeding." (Docket Entry No. 1, p. 10). He further asserts that, "If the court appointed counsel would have truly looked into the original complaint cause no. 1276686 in Court #13 this cause would may not have (sic) ever existed." *Id*. These allegations are conclusory statements that fail to delineate what trial counsel failed to investigate or what the investigation would have shown. This fails as probative summary judgment evidence of deficient performance or prejudice. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Petitioner further fails to describe any evidence that would have been revealed by investigation, or show how such evidence would

5

have changed the outcome of the trial. *U.S. v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Even assuming trial counsel's investigation were deficient, petitioner fails to show that, but for such deficient performance, there is a reasonable probability that the result of the trial would have been different. Accordingly, no prejudice under *Strickland* is shown.

In rejecting petitioner's claim, the state habeas court made the following relevant findings:

> 9.  Trial counsel conducted adequate investigation in this claim.
>
> 10. The totality of representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of counsel.

*Ex parte Carter*, No. WR-69,429-02, p. 40. The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id*., at cover.

Petitioner fails to rebut the presumed correctness of these findings with clear and convincing evidence, or show that the state court's determination was contrary to, or involved an unreasonable determination of, the facts based on the evidence in the record. Petitioner fails to meet his burden of proof, and no basis for habeas relief is shown. Respondent is entitled to summary judgment on this issue.

B.   *Failure to File Motion's For Discovery*

Respondent correctly asserts that this issue is unexhausted and procedurally barred from review. However, as the issue is groundless, it will be addressed on the merits.

Petitioner alleges that trial counsel failed to file a motion for discovery "of any of (sic) state evidence or police report." (Docket Entry No. 1, p. 7). This factual assertion is incorrect, as trial counsel signed and filed a motion for discovery on February 28, 2005. Clerk's Record at 14. Trial counsel also filed other motions, such as a motion to consolidate, a motion in limine, and a motion to suppress. *Id*. at 11, 20, 25.

Judicial scrutiny of a counsel's performance must be highly deferential. *Strickland*, 466 U.S. at 689. This Court will indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*. Strategic choices made after thorough investigations of law and facts relevant to plausible options are virtually unchallengeable. *Id*. at 690.

Petitioner fails to establish that trial counsel's performance was deficient or that it fell outside the wide range of reasonable professional assistance. Petitioner further fails to overcome the presumption that trial counsel's challenged action might be considered sound trial strategy. The state habeas court found that the totality of representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of counsel. *Ex parte Carter*, No. WR-69,429-02, p. 40. Petitioner again fails to rebut the presumed correctness of these findings with clear and convincing evidence, or show that the state court's determination was contrary to, or involved an unreasonable determination of, the facts based on the evidence in the record. Petitioner fails to meet his burden of proof, and

no basis for habeas relief is shown. Respondent is entitled to summary judgment on this issue.

      C.    *Failure to Present Involuntary Intoxication as a Sole Defense*

Petitioner claims that trial counsel failed to use involuntary intoxication as a sole defense. (Docket Entry No. 1, p. 8). Petitioner specifically alleges that he "did mention to [trial counsel] about the drink that Ms. Pelmore brought with her was spiked with Xxanx (sic) street name 'handle bars'[.] I did get a drink from her bottle not knowing that she had crushed those pills into the alcohol." (Docket Entry No. 1, p. 12). Petitioner's allegations are merely conclusory statements that fail to stand as probative evidence supported in the record. Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. *Ross*, 694 F.2d at 1011.

Petitioner further fails to establish that trial counsel's assistance was deficient or that petitioner was actually prejudiced. Counsel will not be deemed ineffective for failing to advance a defensive theory when counsel's decision "was a reasonable strategic choice based upon a reasonable professional assessment of the plausibility of the defense and its likelihood of success." *Moreno v. Estelle*, 717 F.2d 171, 177 (5th Cir. 1983). Moreover, "[t]o show prejudice in regard to a claim that the attorney failed to raise a certain defense, the petitioner must show that the defense likely would have been successful at trial." *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995).

8

The state trial court in the instant case found, in relevant part, that:

> 10. Trial counsel did not advance the defense of involuntary intoxication because after interviewing and conducting independent investigation, no factual basis existed for such a defense.
>
> 11. The totality of representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of counsel.

*Ex parte Carter*, No. WR-69,429-02, p. 40. The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id.*, at cover.

Petitioner fails to rebut the presumed correctness of these findings with clear and convincing evidence, or show that the state court's determination was contrary to or involved an unreasonable determination of the facts based on the evidence in the record. Nor does petitioner demonstrate a reasonable probability that, had counsel raised the purported defense, it would have met with success. Petitioner fails to meet his burden of proof under *Strickland*, and no basis for habeas relief is shown. Respondent is entitled to summary judgment on this issue.

*Fair and Impartial Trial*

Petitioner claims that he was denied a fair and impartial trial by the trial court's refusal to appoint him new counsel. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel, but it does not guarantee criminal defendants the right to counsel of choice. *Yohey v. Collins*, 985 F.2d 222,

228 (5th Cir. 1993). It is within the court's discretion to deny a change of counsel if it would require a continuance. *U.S. v. Magee*, 741 F.3d 93, 95 (5th Cir. 1984).

Petitioner alleges that he "was denied or deprived from being represented by a lawyer accused felt would give him quality representation." (Docket Entry No. 1, p. 7). However, petitioner lodged his demand for new counsel just before commencement of voir dire, and his motion was untimely. S.F., Vol. 4, p. 8. Petitioner was given sufficient opportunity to obtain other counsel prior to the beginning of trial as well as throughout the trial's initial stages. The trial court was thus not required to grant petitioner any continuance in order to find new counsel at such late juncture.

The state trial court found, in relative part, that petitioner:

> 7. Attempted to obstruct court procedure and delay trial on the morning of trial and immediately before jury selection by indicating he wanted the court to give him a new lawyer and that his 'people' would hire him retained counsel.
>
> 8. Was afforded ample time to hire an attorney of his choosing before the case was called to trial and was either unwilling or financially unable to do so.

*Ex parte Carter*, No. WR-6,429-02, pp. 39-40. The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id*., at cover.

Petitioner fails to rebut the presumed correctness of these findings with clear and convincing evidence, or show that the state court's determination was contrary to or involved an unreasonable determination of the facts based on the evidence in the record. Petitioner has

10

failed to meet his burden of proof, and no basis for habeas relief is shown. Respondent is entitled to summary judgment on this issue.

*Insufficiency of the Evidence*

Petitioner complains that the evidence was insufficient to support his conviction. "The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). The reviewing court does not ask whether it believes the evidence at trial established guilt beyond a reasonable doubt; rather, it asks whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt. *Id*. at 319. The substantive elements of the offense are defined by state law. *Id*. at 324.

Where there exist credibility choices and conflicting inferences, the reviewing court is to resolve in favor of the verdict. *U.S. v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999). It is for a jury alone as the finder of fact to assess the credibility of witnesses and to choose among reasonable constructions of the evidence. *U.S. v. Green*, 180 F.3d 216, 220 (5th Cir. 1999). A jury must decide how much weight should be given to the witnesses's testimony, and the jury's decision should not be second guessed by a reviewing court in its choice of which witnesses to believe and how much weight should be given to each witness's testimony. *U.S.*

*v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995). This Court is to accept credibility choices that support the jury's verdict, and not re-weigh the sufficiency of the evidence. *U.S. v. Guerrero*, 169 F.3d 933, 939 (5th Cir. 1999).

Petitioner alleges that the testimony of two witnesses, James Lilley and James Abraham, were in opposition to establishing petitioner's commission of aggravated assault. Specifically, petitioner claims that James Lilley was coerced by the State to testify that he saw petitioner point a gun at him, and that James Abraham's statement – "he didn't have a problem with him" – proved petitioner should not have been convicted of aggravated assault.

Petitioner does not dispute the evidence against him; rather, he argues that his conviction should be set aside because some of the testimony given by James Lilley and James Abraham "supported" his innocence. Petitioner's claim is without merit. The State presented ample evidence from four witnesses supporting a finding of guilt under the *Jackson* standard. Although the jury may have been presented with some conflicting evidence, the reconciliation of such conflict was for the jury, not this Court. The jury determined the credibility of all four witnesses, including the conflicting testimony of the two witnesses in question, evaluated their demeanor, and decided how much weight should be given to the respective testimony. The jury found the State's evidence to be sufficient, and this Court will respect the credibility determinations made by that jury. Moreover, the state court of appeals found petitioner's insufficiency claim on direct appeal "wholly frivolous and without merit." *Carter v. State*,

No. 14-05-00704-CR and No. 14-06-00709-CR (Tex. App. – Houston [14th Dist.] 2006, pet. ref'd.).

Petitioner fails to rebut the presumed correctness of these findings with clear and convincing evidence, or show that the state court's determination was contrary to or involved an unreasonable determination of the facts based on the evidence in the record. Petitioner has failed to meet his burden of proof, and no basis for habeas relief is shown. Respondent is entitled to summary judgment on this issue.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 17) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all other pending motions are DENIED AS MOOT.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas, on June 22, 2009.

_____
Gray H. Miller
United States District Judge

13